# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ARTIS SCARBOROUGH,

    Plaintiff,

v.                            CASE NO. 4:06cv152-RH/WCS

BERNARD COHEN,

    Defendant.

_____/

## ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT

    This matter is before the court on the magistrate judge's report and recommendation (document 30), and the objections thereto (document 32). I have reviewed *de novo* the issues raised by the objections. I conclude that the report and recommendation is correct and should be adopted as the opinion of the court, with this additional response to the objections.

    Plaintiff, an inmate in the Florida Department of Corrections, asserts his constitutional rights were violated when he was denied permission to marry. The report and recommendation correctly concludes that summary judgment should be entered for defendant based on plaintiff's failure to exhaust his administrative

remedies.

The three-step administrative process that a Florida prisoner must exhaust prior to filing a federal lawsuit consists of an informal grievance (which may be submitted to an appropriate official at the institution), a formal grievance (which must be submitted to the warden), and an appeal to the Secretary of the Department of Corrections. Plaintiff initially bypassed the informal grievance requirement, and his formal grievance was rejected because of the procedural default. Plaintiff made further submissions but never completed all three steps with respect to any claim.

Plaintiff asserts, though, that his initial request for permission to marry was an "informal request," and this, plaintiff says, constituted the required "informal grievance." Indeed, plaintiff says, "An 'informal request' is an 'informal grievance,'" and, "An 'informal grievance' is an 'informal request.'" Objections (document 32) at 2 nn. 1 & 2.

Plaintiff's failure to exhaust, however, was a matter not of semantics but of substance. Plaintiff's original request for permission to marry was not a grievance in any sense of the word. To the contrary, it was simply a request. Until he asked for and was denied permission to marry, he had no basis for any complaint—that is, no basis on which to submit a grievance. It was only when the request was denied that plaintiff could complain. He should have done so by submitting an

informal grievance, but he did not.  Instead, plaintiff's first complaint was made in a formal grievance to the warden.  The formal grievance was denied because plaintiff had not submitted an informal grievance as required.  As the report and recommendation correctly concludes, plaintiff failed to exhaust the three-step administrative process.

Accordingly,

IT IS ORDERED:

The report and recommendation (document 30) is ACCEPTED and adopted as the opinion of the court.  Defendant's motion to dismiss (document 12), as deemed a motion for summary judgment (document 27), is GRANTED.  The clerk shall enter judgment stating, "The complaint is dismissed for failure to exhaust administrative remedies."  Plaintiff's motion for sanctions (document 17) is DENIED.  The clerk shall close the file.

SO ORDERED this 25th day of March, 2007.

> s/Robert L. Hinkle
> Chief United States District Judge